calendar is Kelly v. Provident Life and accident insurance. Did you get our order that at least one issue we'd like you to address on the remedial side of things? May it please the Court, my name is Aaron Markowitz, counsel for Appellant Richard Kelly. Now the issue or actually two issues that the Court has asked that we address is whether rescission would allow the trial court to vacate the prior judgment at dismissal. And in determining that question, do we look to state law or federal law? Plaintiff contends that the answer to the first question is yes. And in answering that question, we actually look at both federal and state law. The guidance that the Court should look to for answering the second question is eerie in its progeny. Actually the particular cases of Reagan v. Merchants Transfer, 337 U.S. 530, Hanovy Plumber, 380 U.S. 460, Walker v. 531, U.S. 497. Now each of these cases emphasized the dual goals of ERIE and the, well, as announced, the Guaranty Trust Company, essentially that we want to avoid unfair or unequal protection of the law and want to avoid forum shopping. Now that's done, well, in each of these four cases, there was a federal rule of civil procedure that was at least indicated that was relevant to the particular issues of the case. In Reagan and Walker, the rule was Rule 3. In Hanna, it was Rule 4. And then in Semtec International, at least indirectly, Rule 41 was implicated. The analysis that the Court had, well, in Walker, the U.S. Supreme Court essentially compared Reagan and Hanna as to what the differences were there, what is the difference between Rule 3 and Rule 4. Rule 3 essentially deals with the issue of when an action begins. The particular case, Reagan first and then Walker after, Reagan was in Kansas in a district court, also up there on diversity, in a federal court on diversity. Under Kansas law, the statute of limitations, in order to meet the statute of limitations, you not only have to file the action, but have to serve the action. Under Rule 3, an action begins upon filing. So the question was, do we apply the federal Rule 3 and say, well, upon filing, the statute is achieved because we're here in federal court and that's a procedural issue or do we look to the Kansas substantive law or the Kansas law which says that the statute is not met until service. And the U.S. Supreme Court said, well, since Rule 3 doesn't address statute of limitations questions and statute of limitations questions we've already determined are to be, we look at state substantive law. Therefore, we're going to look at the Kansas substantive law. Following Reagan was the Hanna case. And actually some thought that Hanna essentially abrogated the prior Reagan case because in Hanna they said, well, if we have a federal rule of civil procedure on point and they had Rule 4, then we're going to deal with that. And the only way we're going to disregard that is if there's a problem with the enabling clause. And that particular case involved a Massachusetts statute, Massachusetts law regarding the federal rule of civil procedure. And that particular case involved the service of process. The service of process in Massachusetts required personal service, whereas Rule 4 allowed for substitute service where the process could be served on the defendant's wife. Well, there it's not going to lead to, or at least the court felt that it's not going to lead to, applying the federal rule is not going to lead to unequal protection. It's not going to lead to forum shopping. And most importantly, there's a direct conflict between Rule 4 and the Massachusetts law. Either we're going to allow substitute service upon the spouse or we're not going to allow it. The two can't exist or can't coexist. This case here is similar to, or actually even more similar to, or more so than Reagan and Reagan. And so, of course, we look at Rule 60. And what Rule 60 tells us is that there is a motion that one can file just as the plaintiffs did in the delay case where they filed a Rule 60 motion. A plaintiff here could have filed a Rule 60 motion if everything was appropriate and followed that procedure, and that procedure is available. But there's an alternative that's provided for in Rule 60, and it's an independent action. And here the independent action, then, would be the state substantive law, which, again, is rescission under California law. And so the plaintiffs here are looking for, are applying the independent action which is provided for in Rule 60, as opposed to the motion. Now, Rule 60 expressly provides that this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding. So on its face, it's clear that it allows for something other than just the rule. So the proper analysis would be the Reagan and Walker analysis, where we look at the rule and we say, okay, is this rule broad enough to prohibit the state law? And the answer would have to be no to that, that it's not only not broad enough, but it's on its face expressly narrow enough to allow for the state action of rescission. In the case Averbach v. Rival, the Third Circuit actually went through the development, and that's 809F2. Just so I understand, let's go back to Rule 60. Yes. Rule 60B, the independent action clause that you're talking about, where do you find that, the one that says this rule does not limit the power of a court to entertain an independent action? Yes. To relieve a party from judgment? Order, or proceeding. Essentially, what Rule 60 is making clear, expressly making clear, that it's not prohibiting the independent action for rescission. And here, because we're on diversity, it would be a state action. If it were, we weren't here on diversity. If it was a Federal question, then it would be a Federal state independent action. But the fact is, is that this, again, would be analogous to Reagan and Walker, in that the rule does not prohibit the incorporation of the state, you know, of the state law. A, B, not allowing the state action would lead to unequal protection from the law, and forum shopping. Essentially, the only reason that Provident Unum would be able to avoid this further action is the fact that they are not citizens of California. Had this been, all been a California case, then we would look right to In Re Marriage of Baltans or Bank of America, another case we cited regarding rescission, and we would apply rescission, and we would put the parties back, based on equity, put them back into the place they were. So the only reason that that cause of action would not be, or might not be available, would be based on the fact that it's in a Federal court. And that's the reason, those are the particular types of reasons, or those are the particular instances that the U.S. Supreme Court said, no, then we're going to apply the state law. Unless the Federal rule is so broad that it is in direct conflict with the state law. And, again, Rule 60 is not so broad so as to be in direct conflict with the state law on rescission. And, in fact, the, again, in the Third Circuit, in 809 F. Seconds, 1016, Avrabak v. Rival, the Third Circuit went through an analysis of the development of Rule 60 and cites, and that's what I'm going to talk about in a moment, actually quotes a number of the advisory committee notes. And one of the purposes of Rule 60, as noted by the Third Circuit and the advisory committee, was to make the procedure less complex. Apparently, prior to Rule 60, there existed independent actions as a way to vacate judgments, as well as what was a very complex procedure. And they said, well, we like the independent action part, but the procedure is too complex, so we can simplify this procedure so there is a quick, easy fix for people who want that quick, easy fix and don't want to have to go back and file an independent action. And it's going to be this motion procedure. So we're going to keep the independent actions, but we're also going to create this procedural means that the parties can, that people can take advantage of. So it wasn't, the purpose wasn't to do away with any other substantive or existing procedure. It wasn't to do away with existing or now existing independent actions as are being sought here, but was, again, to create, for those who were interested, to create a quick procedure by way of motion. The Third Circuit also notes that, again, basically the advisory committee notes that Rule 60 is not substantive as to the grounds for vacating judgments. So it's not, it wasn't intended to be the end-all as to how one vacates a judgment. It merely prescribes the practice and proceedings to obtain relief. So its intention was, again, to create just one procedure for those who fit within the realm for the motion and thus could avoid the more complex independent action. Again, here, plaintiff is seeking the independent action based on the substantive law of California in rescission. Now, in California, actually, there was one other case, again, that I mentioned in the Erie line, and that was Semtec International, Incorporated. In that particular case, the United States Supreme Court was dealing with the issue of res judicata. And that's really, I think, most closely in tune to what we have here. The U.S. Supreme Court prior in the case U.S. v. Begley 524 U.S. 38 had said that the, the Supreme Court had said that the reason that the types of actions, the types of independent actions would have to be limited to grave miscarriages, grave miscarriages of justice, at least dealing with Federal issues. And that Court did deal with Federal question and not diversity. But it said we have to do so because of the doctrine of res judicata. Now, res judicata was dealt with in the case Semtec International v. Lockheed, where they said that the Supreme Court had said, well, in that particular case, a California, the case was brought in the central district of California. The central district dismissed the case based on statute of limitations. They looked at the California statute of limitations and said, well, we're going to have to dismiss this case based on that California statute. The plaintiffs there looked over to Maryland and saw that they have a friendlier statute of limitations, went over to Maryland, filed another lawsuit. It happened to be in state court, but had it been in Federal district court, the conclusions of the U.S. Supreme Court would have been the same. The analysis is the same. The Maryland court dismissed, citing res judicata, saying, well, you've already been dismissed in California. We're going to look at Rule 41, and Rule 41 says that type of dismissal you just had is one on the map. It's one on the merits. And here in Maryland, if you have a prior dismissal on the merits, as opposed to one not on the merits, even if you're within the statute of limitations, you have res judicata you can't go forward. I think we may want to – I think we get your point. Okay. You well addressed the issue. You may want to address some of the merits. Okay, Your Honor. Well, then the – We can get to this issue if we wind up deciding that there's a proper case for – Yes, Your Honor. And on rescission, the two particular cases, In re Marriage of Baltans and Bank of America, in both of those cases give the analysis, and actually, in fact, In re Marriage of Baltans, although a family law case deals with most of the particular issues or almost the same issues as we're dealing with here – Can I just focus on something? Yes. Because a lot of the rescission cases do come either from family law or probate. And this is an insurance contract. And there's – this has troubled me when I was a state judge and it still troubles me as a federal judge when I get cases involving insurance companies. There's a lot of language in the California cases that talk about – talks about the fiduciary duties owed by an insurance company to the insured. And then they always kind of back off of that and say, well, it's not really a true fiduciary relationship. It's similar to or it's a fiduciary-like relationship. And this distinction concerns me in this case for a couple of reasons. One is, to what extent is your client excused from having to show the otorizzi factors because this is a fiduciary-like relationship? And secondly, assuming that he doesn't have to do that, doesn't he have to show – or why doesn't he have to show that there was an undue benefit from the transaction to Provident? Your Honor, well, first, to deal with the issue of fiduciary relationship, actually the cases dealing with rescission talk about a confidential relationship, which does seem to be lesser than a fiduciary relationship. In fact, they apply it to the married couple, where in the family law case, they – That's a fiduciary relationship now. Yes. Yes. And again, here – well, the – here, as a matter of law, and I believe that point was raised in our brief, that there is a confidential relationship. There is that type of confidential relationship in between – in and amongst insurance. At the time of the alleged misconduct by the insurance company, plaintiff and the insurer were overt adversaries. They had lawsuits pending between them. Doesn't that have some effect on undue influence or the ability of, gee, I trusted the other guy when I shouldn't have. He's suing you, for God's sakes. You're not supposed to trust him, and you know he's suing you. Is this really a potential case for undue influence? Your Honor, at – well, first, we're actually on – you know, at the pleading stage, and we do believe that we'll be able to show, based on his mental disability that he actually had at the time. Again, there was a declaration submitted by one of the examiners, by one of the doctors, about his particular difficult mental state, which they knew about. The nature of the relationship between the insurer and the insured was this disability. It was disability insurance, and that he was getting these benefits based on this disability of his inability to deal with these types of situations. They had, on several occasions, attempted the same conduct, and he just had great difficulty with dealing with it. Is it going to be every single situation that you have that type of relationship? I don't think you do, but you do have one here. And again, when we get to evidentiary showings, I believe that the plaintiff will be able to meet those evidentiary burdens. But at this point, we're really at the pleading stage. Can the plaintiff ever meet those evidentiary burdens? But, I mean, that just – you know, without having to do any fact-finding, you're still, I think, asking us to treat the insurer-insurer relationship in a context which is not a disputed fact. It's something that the court can traditionally notice, what Judge Clifton just said. Why should we treat that the same as a marriage or a will, where you have these higher standards? Well, Your Honor, the nature of the insurance company, the insured and the insurance company and the insured, and especially in a situation like this where you have a disabled person who is dependent on this insurance company, that the nature of that particular relationship is one that would require it. And, in fact, the facts as pled by plaintiff are really the same as looked at by the court in remarriage of Baltans, where the particular individual felt unable to deal with the issues of the litigation. Again, it was an ongoing litigation. There was an understanding that they were at odds with each other in that case, that there was an ongoing divorce proceeding. So it wasn't as if there was no idea. I understand that, and I understand the facts you've alleged. But the question is, what test gets applied? You're asking, because this is an insurance contract, you're asking it to be treated the same as if it were a will contest or a marital dissolution, that there's a presumption because of the nature of the relationship that you don't have to show the traditional badges of undue influence. That's one of my concerns. And then the other is, assuming that you show undue influence, is there a presumption that if the unduly influencing party obtains any benefit at all, that you've met your pleading burden with respect to that? Those are the two policy questions that I have. And I'm looking for help as to where California law gets you where you want to go. Well, as far as the benefit, we're seeking to rescind the contract. So, I mean, either that rescission is going to be able to restore a benefit or it's not going to be able to. No, no, that's not what I mean. As a basis for rescission, there's a line of cases that say you have to show that the deal was lopsided. And then there's another line of cases coming out of the recent probate context that say you don't have to show it's lopsided, you just have to show that a party obtained benefit. The party that unduly influenced the contract obtained any benefit. Okay. And what I'm saying is you're asking for the benefit of the most liberal standard on both of these points, both on the degree to which the contract is lopsided and the degree to which you have to plead facts that establish undue influence. Right. Well, Your Honor, they've clearly obtained a benefit. I mean, he is disabled. His insurance was cut off. He has not got any of the insurance as a result of that insurance contract. He would have a right to that, but for the fact that he agreed to dismiss this case. And he obtained benefits, too. So is it a lie? And the standards here in California on that, or I think in either case, State or Federal, to allow us to amend to claim that benefit. Forgive me for not knowing this, but did the district court ever give you leave to amend in this matter? No, Your Honor. So they dismissed the initial complaint? They dismissed the initial complaint. Basically, the finding of the district court was that you have to meet the Ordozoni factors in every case. And it's plaintiff's contention, even in the absence of a confidential relationship, the Ordozoni factors are just one way of analyzing rescission. The underlying basis of Ordozoni is the same as those in Bank of America or in remarriage or Baltans, but the particular factors that were present there aren't themselves expressly necessary, but there does have to be a show that there is an unfair relationship where the plaintiff here has entered the agreement based on that. You're over time. I'll give you a short amount of time for rebuttal. We've got to move this case along. Thank you. Good morning, Your Honors. I'm Stephen Dalton. I represent Provident on this matter. The Court asked two questions. One, whether this Court has authority to vacate a judgment or order of dismissal entered in 2001. The answer is no. And then the Court asked whether the Court should look at Federal or State standards in deciding that issue. The Court would look at Federal standards, but it really doesn't matter because the Court wouldn't have authority either under Federal or State standards to vacate the prior order of dismissal. Why do Federal standards apply? Well, we're here in a Federal case. How did it get into Federal court? It got into Federal court because the plaintiff filed in Federal court. And the prior action dismissed in 2001 was also filed in Federal court. And the order of dismissal was entered by a Federal judge in San Diego as a result of the motion, the granting of Providence motion to dismiss. That was pursuant to a settlement agreement, which is now under attack. I'm confused, Your Honor. You're right. This action, we're here You're saying this action was dismissed? Yes. This action was dismissed. That was pursuant to a settlement agreement. That's the question? Yes, Your Honor. I'm sorry. Now, the plaintiff is pursuing remedies under Just to clarify the question, I think the Court is interested in. The question is, assuming they get they win the case on rescission. That is, they're entitled to a rescission. I realize we're only on a motion to dismiss, so we're leaping ahead. The question is, that doesn't do them any good if the prior order the original dismissal that was part and parcel of the settlement is no longer subject to being vacated. It throws their It throws this claim out. And the question is, does the Court who's hearing the case now the current district court, have authority as part of a remedy, the authority to vacate the prior order of dismissal? No, the Court does not. Why not? Well, Rule 60B is the remedy in federal rules for vacating a judgment or an order. And for fraud, mistake, inadvertence, surprise, excusable neglect, a motion to vacate a judgment must be brought within one year. So that leaves, so just to again help frame the issue so we don't spend too much time on this. Therefore, what seems somewhat anomalous here is that we're assuming that the plaintiff has won his case, he hasn't lost on statute of limitations, and he has prevailed on the substance of the case here, and he's entitled to a remedy. But the remedy now is foreclosed because Rule 60B shortens the time limit for bringing, it's a one year statute of limitations versus the California longer, what I think is a four year statute of limitation on bringing a fraud or deceit or undue influence claim to void the settlement agreement. He's not going to lose, he won't lose in this case because he didn't bring his claim, state law claim that he's making the fraud undue influence. He won't lose on the merits of that aspect of the claim because he didn't bring it within one year, isn't that correct? He won't lose the... That won't be a reason for him to lose he's not going to lose on the statute of limitations. If he had brought this motion strictly under 60... But he has multiple problems, and one problem is the race judicata effect of the dismissal. That's not my question. I don't want to make it more complicated than that. We've got a prior action which was disposed of, could be race judicata, could be all sorts of things. But that action, that dismissal was undertaken pursuant to settlement agreement, which he's now, within the time limit allowed by California law, because it's been in state court, he could have brought to try to undo the settlement agreement and whatever else that settlement agreement caused him in terms of problems. So it would not have been he filed in federal court within the four year statute of limitations that California allows for that, correct? His action for rescission assuming there were grounds for it was filed within the relevant statute. Yes, okay, so now I'm postulating that he wins. In the federal form he wins and gets a judgment from the district court in this case that yes undue influence, the settlement agreement was obtained by undue influence and it is rescinded. Okay, but now he has this impediment because he had part of the settlement agreement, the effect of that undue influenced settlement agreement was that a district court entered a judgment of dismissal, which but for the settlement agreement it presumably would not have done. And you're saying, aha, he can't vacate that because the one year statute of limitations has expired on that and he should, if he was going to, and that's his only remedy so that he may have won the battle but he's lost the war. And you're saying 60B... I think now that he may have certain remedies if the settlement agreement is vacated, but reviving the prior lawsuit is not one of them. And 60B, what's your response on the independent action clause of 60B? Well, the savings clause in 60B requires a separate action. Now this lawsuit, the present lawsuit, was not such an action. Why not? Because it was not raised in the trial court. There were no pleadings that asserted the grounds for vacating a judgment in the trial court. They weren't considered by the trial judge. That issue was not briefed. It was not argued. It was not part of the record in the trial court. But even if it were, there would not have been grounds to grant relief in the Supreme Court case of United States v. Begley 524 U.S. 38 holds that there must be a grave miscarriage of justice in order to grant relief in a separate action to set aside... Well, if you accept, I mean, we're at the pleading stage now. If you accept the factual allegations of plaintiff, either as stated in the complaint or as could be stated in an amended complaint... Don't accept... Isn't that a grave injustice, whatever the phrase is? Your Honor, the plaintiff was an insurance agent who had been paid for 13 years by my client for benefits for total disability. The company found out that he was making hundreds of thousands of dollars per year selling insurance. Now, I'm not sure what the grave injustice was. They challenged his claim, investigated, and eventually... Well, that's not a factual finding made by the district court to justify his dismissal. I mean, this may be a real case, summary judgment, but I don't understand why the pleading stage, what the plaintiff has alleged... I don't see the complaint talk about how insured had made hundreds of thousands of dollars selling insurance while I was claiming disability benefits. I don't know how that's before the court on a pleading stage motion to dismiss. The record reflects quite a bit of factual information, Your Honor, because there were... A motion for summary judgment or a motion to dismiss? It was a motion to dismiss with exhibits and letters and so forth that were attached to the complaint. Okay. Is there anything in the district court's adjudication that says, I find that plaintiff was, in fact, collecting hundreds of thousands of dollars in insurance premiums or commissions and as a result was not properly disabled during that time period? So I'm not sure what this argument is supposed to lead us to in a conclusion at this stage. I mean, I have trouble understanding the theory of plaintiff's case on the facts as they appear to me, but those facts aren't as of record as in terms of supporting the district court's conclusion now. And so as a pleading stage matter, what is it that falls short here in this complaint? The... Well, the complaint is, well, barred by the statute of limitations in terms of... Right there. Let's take that as an example. Mm-hmm. That would suggest that a defendant can defraud a plaintiff in a lawsuit all he wants if he can get the plaintiff to sign on the dotted line, dismiss the case, and the plaintiff would have no relief even if he can prove he was defrauded into entering a settlement. Because in the meantime, the clock was ticking on the original complaint claim years ago. If, in fact, you achieve rescission, doesn't that give the court authority, if it decides rescission is appropriate, to put things back into place the way they were before the fraud? Absolutely. So long as the plaintiff pursues his remedy within the relevant time period, and it's one year under Rule 60B. It's no different from the statute of limitations or any other limitations are there for a purpose. And in order to get to somehow bring yourself out of the one-year time limitations, the Supreme Court has said there must be a great miscarriage of justice. And I don't think that has... I've got to say, I'm taken aback by that argument for a different reason, which is that now you're offering as the core justification for the district court's action something that you didn't talk about at all in the brief and was raised by our court's question. And that's surely not the grounds cited by the district court in reaching the dis... in entering the dismissal. So... The district court dismissed the case because it was clear the statute of limitations had run under both of the subject... Statute of limitations on what? Breach of contract, breach of... The original claim. And the bad faith cause of action. So the original claim filed originally, was it 2000 or 2001, allegedly based on... based on the alleged actions in 1999. Is that correct? The original complaint was filed by my client for declaratory relief. And to recover benefits that were... that were... they claimed to have been overpaid. The plaintiff cross-complained for breach of contract and bad faith. And those... the entire action, including the cross-complaint, was dismissed in 2001. Now, what limitations period are you arguing has expired? A limitations period beginning with what? Beginning with the filing of this lawsuit, the second lawsuit, which was filed in 2004. By then... I thought I made my question clear because if that's... this lawsuit... that can't be the start of the running of the period because that would make this complaint timely. If the limitations period begins with the filing of this complaint, so what's... what starts the running? The statute begins to run when the claim was denied in 1999. 1999. So that would... that would suggest the problem I raised, which is that if you go back to the date of the original occurrence and disregard the actions which are the source of the rescission claim, you can get away with defrauding the plaintiff. If you can get him to sign the dotted line because you act like the statute limitations dating back to the original event just ran without being told in any fashion. Well, Your Honor, if the if the Rule 60B motion had been brought within one year... That's not helping me. That doesn't explain what the district court did. The original action would have been revived and... What that suggests to me is you don't have much confidence in what the district court did because you're not telling me anything at all about what that Well, they ordered... dismissed the lawsuit because the statute of limitations had run with respect to both the breach of contract and the bad faith causes of action. The California causes... the California statute of limitations had run. That's correct, Your Honor. And what Judge Clifton is asking, I have exactly the same question, is... is... well, where does it say that that statute of limitations can't be told or excused if there's a showing of fraud? There's not... We're not talking about a one-year rule under 60B now. We're saying, but for the allegedly fraudulent or unduly influenced contract, he never would have dismissed those state claims. So to hold up the statute of limitations now gives the defendant a free pass for its conduct. I mean, that's the question. And at the pleading stage, how can we resolve that? Your Honor, the only few cases that have dealt with the issue of tolling statute of limitations for fraud arise in the context of promissory estoppel, where the defendant has misled a plaintiff not to file a lawsuit. Sure. That didn't happen here. But... There's nothing to prevent the plaintiff from filing a lawsuit. Analytically, how is it different from having a plaintiff give up his claims using undue influence and coercion and then having the statute of limitations expire? From an analytical standpoint, how is that different from misleading somebody about their rights? Well, we didn't... The plaintiff had the right to challenge, to bring a rescission action and to try to set aside the judgment if he had done so in a timely way. He waited three  I'm going to give you a set of facts. Mm-hmm. Lawsuits filed. Yes. On, I guess, the statute of limitations in California is now two years for your basic auto accident, whatever. Lawsuits filed, a couple years pass. Parties come to a settlement. Plaintiff determines sometime thereafter, Gee, I got defrauded in this settlement. They got my signature on the bottom line, but I'm going to seek to set it aside. You're saying that because more than two years has passed since the original accident, he's just out of luck. There's nothing he can do to set aside the settlement because the statute of limitation continues to run unabated, untold from the date of the original accident, which suggests if you wait long enough to defraud the plaintiff, the defendant's going to get away with it. Can that possibly be right? Well, Your Honor, that's what statute of limitations are for. No. I don't think statute of limitations are intended to give a defendant a free pass at defrauding a plaintiff into settling a lawsuit. Your Honor, I don't believe that the defendant got a free pass in this case. But you're telling us they should have. You're telling us on the pleading stage, because the amount of time that's passed from the date of the original alleged breach of contract in 99, when the settlement comes in 2001, that's two years later, you're telling us that that passage of time continues to count against the plaintiff. And if too much time has passed, plaintiff simply can't bring the claim again, even though the fraud that they're complaining about then took place not in 1999, but in 2001. Your Honor, that happens with any statute of limitations. If too much time passes, you're denying a remedy. Well, maybe we can clarify this, because one statute of limitations that you're invoking is the California statute of limitations. And you're saying that in terms of addressing the harm that was allegedly caused by the settlement agreement, now Federal law will govern the remedy for the fraud. That is, if he were seeking to set aside the settlement agreement under California law, as I understand it, he would have four years or three years in which to bring an action to set aside the fraudulently procured settlement agreement. Is that correct? That's correct. Okay. But what you're saying is because the implementation of the settlement agreement was in Federal court, what is now governing is a one-year statute of limitations, because the procedure for setting aside the judgment vacating the claim and your complaint and his cross-complaint was a Federal judgment. Therefore, the California three- or four-year statute no longer governs. He has now only a year in which to bring the action to set aside That's not correct, Ron. And if this case were in State court, let's say all of these events had taken place in State court rather than Federal court, in order for the plaintiff to vacate the State court judgment, he would have to file a motion under CCP section 663 within 180 days. So what you're saying is that if you defraud him into entering into settlement agreement and he has four years, let's say three years, three years in which to bring because he discovers the fraud and there's no reason he would have discovered it earlier. He discovers it two years after the settlement agreement and the judgment implementing the settlement agreement have been entered. You're saying that he could win on the merits of his fraud claim or his undue influence claim but have no relief because the court would not be able to undo the dismissal of the original action and meanwhile the statute of limitations which the filing of the cross complaint did toll, or did, he was within when he filed his cross complaint, it was within the statute of limitations. That keeps running and if at the time he discovers the fraud and can get into court and get a judgment and get relief in State court the statute still continues to run so he gets a pyrrhic victory because he now has yes, he's undone the settlement agreement but he's lost his right to do anything about it. Well, Your Honor, it depends on what theory the plaintiff is pursuing in his second case. He asserted three causes of action. One, breach of contract. Two, bad faith. The same causes of action that he asserted in his cross complaint in the original action. His third cause of action is for rescission of the settlement agreement. He's not suing affirmatively for fraud damages. Now if he felt that he had been defrauded he could have asserted a claim, an affirmative claim for damages for fraud. He didn't do that. And... Okay. All right. I think we have your point. All right. Thank you. Very briefly. Yes, Your Honor. Just briefly one point I just want to make was the issue of vacating the judgment was not part of the trial court. This wasn't plaintiff's motion. Something that should have been the lower court concern should have been raised by defendant. For them to argue now that we didn't prove that the judgment couldn't be vacated when they didn't raise the issue I don't think is appropriate. Additionally, I just want to refer to the court in regards to, I guess, Judge Fogle's the issues raised by Judge Fogle which were cited in our brief, View vs. Prudential Property and Casualty Insurance, California Supreme Court 26 California 1142 where the court identifies the relationship of insured and insurer characterizes one involving quote, unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. Now that's not to say that that's a complete as high as some other fiduciary relationships might exist between attorney and client and husband and wife but it's certainly that type of that type of relationship. And one other thing, Your Honors, as defendant there might potentially be other remedies other than these particular if the rescission is granted even if we can't go back again and open this other case. So we do ask regardless of the decision. Thank you.
judges: Fisher, Clifton, Fogel